IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL GADDY,<br><br>    Petitioner,<br><br>  vs.<br><br>A. HEDGPETH,<br><br>    Respondent.<br>_____/ | 1:09-cv-01203-AWI-JLT (HC)<br><br>ORDER CONSTRUING PETITIONER'S THIRD MOTION FOR EXTENSION OF TIME TO FILE APPEAL AS NOTICE OF CHANGE OF ADDRESS  (Doc. 40)<br><br>ORDER DIRECTING CLERK OF THE COURT TO CHANGE PETITIONER'S MAILING ADDRESS |

Petitioner is a prisoner proceeding pro se in a habeas corpus action pursuant to 28 U.S.C. § 2254. On December 23, 2011, Petitioner's case was dismissed and judgment was entered. (Doc. 34). On February 6, 2012, Petitioner filed a motion to extend time to file an appeal. (Doc. 36).  In that motion, Petitioner contended that the notice of the Court's ruling was sent to Salinas Valley State Prison, but that Petitioner had previously been transferred to Pelican Bay State Prison. (Doc. 36, p. 1).  Because of the delay, Petitioner alleged he did not receive notice of the Court's ruling until January 25, 2012. (Id.).  Petitioner requested an additional thirty days within which to file his notice of appeal.

On February 10, 2012, the Court granted Petitioner's motion, relying on Rule 4(a)(6) of the Federal Rules of Appellate Procedure, which authorizes the district court to reopen the period

-1-

for filing the notice of appeal where it has been established that the appellant did not receive the entry of judgment. (Doc. 37). Nunley v. City of Los Angeles, 52 F.3d 792, 799 (9th cir. 1995). As such, the Court did not need to reach the question of whether the request comported with Rule 4(a)(5), i.e., excusable neglect or good cause, but instead analyzed the request solely under Rule 4(a)(6). Nunley, 52 F.3d at 799.

On March 12, 2012, Petitioner filed a second motion for extension of time pursuant to Rule 4(a)(5), requesting an additional thirty days due to his lack of access to the prison law library. On March 16, 2012, the Court granted Petitioner's motion for an extension of time of fifteen days. (Doc. 39). On March 19, 2012, the Court received Petitioner's third motion for extension of time to file his notice of appeal. (Doc. 40). In that motion, which was mailed to the Court before Petitioner could have received the March 16, 2012 order and which is therefore obviously directed to the Court's February 10, 2012 order, Petitioner advises the Court that the previous order was still sent to Salinas Valley State Prison, not his current place of incarceration, i.e., Pelican Bay State Prison. Petitioner requests that the Court change Petitioner's address to reflect his present place of incarceration. Petitioner also contends that he needs additional time to file his notice of appeal.

Since the instant motion was filed only three days after the Court's order granting the second motion for extension of time had been served, the Court is satisfied that Petitioner will have adequate time to file his Notice of Appeal within the time provided by the Court in granting the second motion for extension of time. Accordingly, the Court will construe the motion as a notice of change of address and direct the Clerk of the Court accordingly.

**ORDER**

For the foregoing reasons, it is HEREBY ORDERED as follows:

1. Petitioner's third motion for extension of time (Doc. 40), is CONSTRUED as a notice of change of address; and,

2. The Clerk of the Court is DIRECTED to change Petitioner's address of record to

-2-

the following:

Michael Gaddy #J-02095  
Pelican Bay State Prison  
P.O. Box 7500  
Crescent City, CA 95531

IT IS SO ORDERED.

Dated:   **March 23, 2012**                                          **/s/ Jennifer L. Thurston**
                                                                                              UNITED STATES MAGISTRATE JUDGE

-3-